## GREEN, Treasurer, *v.* BROOKS.

*(Circuit Court, E. D. Virginia.  July, 1885.)*

1. TAXES—COLLECTION—VIRGINIA COUPONS—TENDER AS PAYMENT.
   In Virginia the state coupons are made receivable in payment of state taxes; and, where the state has notified its tax gatherers not to receive such coupons, the slightest offer of them to one of these officers will be considered a tender.

2. COURTS — CIRCUIT COURT — JURISDICTION AS AFFECTED BY AMOUNT IN CONTROVERSY—GARNISHMENT BY TAX COLLECTOR.
   Where a Virginia tax-payer offered, in payment of state, county, and other taxes, state coupons and money, and the tax collector refused the coupons, and, after apportioning the money for state and county taxes, garnished other funds of the tax-payer for the balance due the state, a sum less than $500, the United States circuit court has jurisdiction; the amount in controversy not being said balance, but the value of the coupons tendered.

Motion to Remand.

*D. H. Chamberlain* and *Sands & Bryan,* for Brooks.

*F. S. Blair,* Atty. Gen., and *N. T. Green,* for Green, Treasurer.

BOND, J.  The case is heard upon a motion to remand it to the county court of Halifax county, from which it has been removed to this court. The motion is urged upon the ground that the amount in controversy is below the minimum sum that gives jurisdiction to the circuit court of the United States, namely, $500.

The facts are that in 1884 the defendant in the action in the state court was assessed by the state treasurer for that county, in round numbers, $3,000 for state and county taxes, about $1,040 of which amount was for state taxes, and the remainder for county and other taxes. For public purposes the state of Virginia has issued bonds of that commonwealth, the coupons of which are receivable for public taxes due the state. They are not so receivable for other public dues. The defendant appeared at the treasurer's office of Halifax county to pay his taxes, state and county, with money and about

$940 in the tax-receivable coupons of the state. The coupons and the cash offered to the treasurer and tax collector amounted to the exact amount due by defendant for taxes of all classes. The treasurer of the county refused to receive the coupons offered to pay the state dues, because they had not been verified in the manner required by the statute. Finding the defendant tax-payer had some money to his credit in the state bank of Virginia, the treasurer has garnished the same, on the ground that the defendant is still debtor to the state of Virginia for state taxes.

There is little use, after the recent decisions of the supreme court, to argue that the production and offer of tax-receivable coupons in payment of public dues in Virginia is not a payment. It has been so decided by the highest tribunal of the country, and in this or any other court is beyond controversy, and out of the pale of debate.

But the treasurer took of the actual cash paid him by the defendant, and paid the state and county taxes, which left due for state taxes less than the amount of $500, for which less sum this attachment or garnishment is had; and claims that because he has so apportioned the money received the defendant cannot come in here by removal. But it is plain that the treasurer had no right to so apportion the money paid. What the defendant claims here is that the moment he offered his $940 in tax-receivable coupons he paid his whole debt. to the state, and there was no apportionment possible; and this court will so hold. He is interested in this case to the amount of the coupons offered. He alleges that he paid the treasurer $940 in coupons, and the treasurer says he did not. This is the matter and amount and question in controversy. The cause will not be remanded for want of jurisdiction.

We have said enough in regard to remanding the case to indicate the opinion of the court on the motion of defendant to quash the attachment. We have held that the defendant owed nothing to the state after he produced the tax-receivable coupons in payment of it. There is no sufficient allegation here that the coupons were not genuine, nor is there any proof that the treasurer made any such objection to receiving them at the time payment in them was proposed. Where the state has notified its tax gatherers not to receive coupons (which it promised to receive for all public dues) without a preceding lawsuit, the slightest offer of them to that officer will be considered a tender.

The defendant paid the state treasurer the face value of the coupons, and must be given credit for that amount in any action to recover any amount on the state taxes and dues for 1884.

The writ of garnishment is quashed.